UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DENIS MCGUNAGLE,
       Plaintiff,

v.

ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security,
       Defendant.

Civil Action No. 22-0126 (CKK)

**MEMORANDUM OPINION**
(February 1, 2023)

This reverse sex-discrimination case is before the Court on Defendant's [10] Motion to Dismiss. Defendant argues that Plaintiff has failed to state a claim for a hostile work environment or discrete sex discrimination and that, even if he had, his hostile work environment claim is time-barred. The Court agrees. Accordingly, and upon consideration of the pleadings, the relevant legal authorities, and the record as a whole,[1] the Court shall **GRANT** Defendant's [10] Motion to Dismiss and **DISMISS** Plaintiff's [1] Complaint for failure to state a claim.

### I.    BACKGROUND

For the purposes of the present Motion, the Court accepts as true all well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm.*

---

[1] This Memorandum focuses on the following briefing and evidence submitted by the parties:
- Plaintiff's Complaint., ECF No. 1 ("Compl.");
- Defendant's Memorandum in Support of Motion to Dismiss, ECF No. 10-1 ("Mot.");
- Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, ECF No. 13 ("Opp."); and
- Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss, ECF No. 18 ("Repl.").

In an exercise of its discretion, the Court concludes that oral argument would not be of assistance in the resolution of this matter.

1

*on Foreign Inv. in U.S.*, 758 F.3d 196, 315 (D.C. Cir. 2014).  That said, because Plaintiff is proceeding *pro se*, the Court "liberally construe[s]" his pleadings.  *Williams v. Bank of N.Y. Mellon*, 169 F. Supp. 3d 119, 124 (D.D.C. 2016).  The Court sets out only those allegations necessary for the resolution of the pending Motion.

Broadly, Plaintiff, a White man, alleges that his female coworkers and supervisors in the leadership of the Office of the Inspector General ("OIG") of the Department of Homeland Security ("DHS") engaged in a campaign to humiliate, punish, and attempt to fire Plaintiff because of his sex.  Compl. ¶¶ 17-21.  This campaign allegedly began in 2018 while Plaintiff served as Deputy Assistant Inspector General.  *See id.* ¶¶ 40-44.  At that time, Plaintiff reported to a male Assistant Inspector General.  *Id.* ¶ 25.  Shortly before his supervisor's retirement, his supervisor gave Plaintiff a glowing performance review and suggested that Plaintiff was likely to succeed him.  *Id.*  Instead, Plaintiff implies that Jennifer Costello ("Costello"), then the Chief Operating Office of OIG, secured the appointment of a female candidate because of that candidate's sex.  *Id.* ¶ 39.

From then on, the Complaint alleges that Costello waged a campaign with fellow female leadership to remove or reassign male employees within OIG leadership which, according to the Complaint, was subsequently corroborated by an internal investigation conducted by the law firm of WilmerHale.  *Id.* ¶¶ 49-50.  As to Plaintiff specifically, the Complaint alleges approximately nine instances of hostile and/or discriminatory actions taken by Costello's group against Plaintiff: (1) pretextual, poor performance appraisals, *id.* ¶¶ 66, 76-78; (2) briefly barring Plaintiff from the workplace, *id.* ¶¶ 52-53; (3) some sort of internal investigation centered on Plaintiff, *id.* ¶ 58; (4) being placed on administrative leave, *id.* ¶ 52; (5) reassigning Plaintiff from his position to a more junior role, *id.* ¶ 72; (6) depriving Plaintiff of work assignments for several months, *id.* ¶ 91; (7) limiting plaintiff's work to his least favorite tasks, *see id.* ¶¶ 88-91; (8) moving Plaintiff's

workstation to a more remote part of the office, *id.* ¶ 85; and (9) where one of Costello's associates referenced her habit of carrying a firearm concealed in her purse, ¶ 86, which Plaintiff construes as an implied threat of violence.[2]  This ninth incident occurred on September 24, 2019.

After this incident, a newly appointed (and Senate-confirmed) Inspector General "commissioned the law firm WilmerHale to conduct a $1.3 million investigation into [Costello's] misconduct, resulting in the removal of Costello" and others.  *Id.* ¶ 19.  Nevertheless, in an August 26, 2019 meeting, this male Inspector General insisted on making permanent a demotion of Plaintiff purportedly engineered by Costello and her associates.  *Id.* ¶ 80.  That demotion was finally effected by a male supervisor on June 5, 2020.  *Id.* ¶ 89.  Three days after, Plaintiff initiated an informal administrative complaint with a DHS EEO officer, asserting discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq*.  *Id.* ¶ 6.

For background purposes only, the Court briefly takes judicial notice of the WilmerHale internal investigation report as a partially public government record, Plaintiff having incorporated the report by reference into his complaint.  Two conclusions are germane here.  First, the report concluded that Costello engineered, caused, or furthered circumstances leading OIG to be "beset by employees' accusations of misconduct and retaliation, frequent internal investigations of OIG personnel, and complaints and counter-complaints filed with" a number of DHS offices and Congress.  WilmerHale, *Report of Independent Investigation: Allegations of Misconduct by [Jennifer Costello, Diana Shaw, and Michele Kennedy]* (Dec. 14, 2020), at 1 *available at* https://cdn.govexec.com/media/gbc/docs/pdfs_edit/012721cb2.pdf (last accessed January 30,

---

[2]  Defendant in his reply characterizes Plaintiff's complaint as advancing eleven instances of conduct.  The Court concludes that there is more conceptual overlap than Defendant suggests.

2023 3:01 PM). Second, the report concluded that the "motive for [Costello's] actions appears to have been a desire to further her own professional ambitions and those of her allies . . . while diminishing the professional opportunities of those whom she disliked and/or viewed as disloyal." *Id.* That said, the report "did not find any evidence that [Costello's] conduct was motivated by a discriminatory intent."[3] *Id.* at 58 n.677.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The factual allegations in a complaint, if accepted as true, must be sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.  DISCUSSION

### A. Discrete Discrimination Claim

Although Plaintiff's Complaint advances only a claim of a hostile work environment predicated on sex discrimination, Plaintiff insists that his complaint should instead be read to plead, in the alternative, a discrimination claim predicated solely on his formal demotion on June 8, 2023. Opp. at 27. Even construing the Complaint in such a way, the claim still fails. To

---

[3] Needless to say, this finding, such as it is, is entitled to no preclusive effect and little (if any) deference.

4

prevail on a discrimination claim at this stage, Plaintiff must plausibly plead facts showing that he "suffered an adverse employment action [] because of [his] . . . sex." *See Brady v. Office of Sergeant of Arms*, 520 F.3d 490, 493 (D.C. Cir. 2008). Because Plaintiff is not a member of a protected group (i.e., he is not alleging sex discrimination as a woman), he must plead additional "particularized" facts that "suggest some reason why an employer might discriminate against [him]" as a White male. *See Bishopp v. District of Columbia*, 788 F.2d 781, 786 (D.C. Cir. 1986).

As pled, the Complaint does not support an inference that OIG leadership on June 8, 2020 made his demotion permanent *because* he is a man. His demotion was made permanent by a male subordinate of the new male Inspector General. Compl. ¶ 89. That male Inspector General, upon seeing substantial misfeasance by certain female members of OIG leadership, then caused those female employees to be dismissed or reassigned because of that misfeasance. *Id.* ¶ 19. It simply does not follow that these two male supervisors would take an adverse action against Plaintiff when they had just previously taken adverse action against those female supervisors whom Plaintiff accuses of anti-male discrimination. As such, there is simply no plausible inference on these facts that Plaintiff was demoted because he is a man. *See Doe v. Princeton Univ.*, 30 F.4th 335, 344 (3d Cir. 2022).

**B. Hostile Work Environment**

Because Plaintiff's discrete discrimination claim fails, his claim of a hostile work environment is not timely. As Plaintiff acknowledges in his opposition, a Title VII claim must first be administratively exhausted before filing an action in federal district court. *See Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 393 (D.C. Cir. 2020); *see also* 42 U.S.C. § 2000(e)-16(c). "An employee of the federal government who believes that [he] has been the

subject of unlawful discrimination must 'initiate contact' with an EEO Counselor in h[is] agency 'within 45 days of the matter alleged to be discriminatory.'" *Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008) (quoting 29 C.F.R. § 1614.105(a)(1)).[4]  Because Plaintiff initiated contact with the applicable EEO officer on June 8, 2020, his claim is timely only if he can point to some discriminatory act on or after April 24, 2020 that was part of the allegedly hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 103 (2002). Plaintiff has pled only his final demotion ordered by the male Inspector General and instituted by the Inspector General's male subordinate.

      To plead such a claim, Plaintiff must state facts demonstrating that: (1) he was subject to "unwelcome harassment," (2) the harassment occurred because he is a man, (3) the harassment "was severe to a degree which affected a term, condition, or privilege of employment;" and (4) DHS "knew or should have known about the harassment, but nonetheless failed to take steps to prevent it." *Outlaw v. Johnson*, 49 F. Supp. 3d 88, 91 (D.D.C. 2014). To link his demotion to prior instances of purported harassment, he must plausibly allege that it was similar to the prior instances of discriminatory actions, those actions were frequent, and those actions were "'perpetrated by the same managers.'" *Baird v. Gotbaum*, 88 F. Supp. 2d 63, 70 (D.D.C. 2012) (quoting *Morgan*, 536 at 121) aff'd 792 F.3d 166 (D.C. Cir. 2016).

      For the same reasons, the Court cannot plausibly infer that Plaintiff's demotion was part of the same alleged harassment campaign. Importantly, his demotion involved entirely different managers. More critically, however, these managers *acted against* the very same work environment Plaintiff deems hostile. It does not follow that these two male managers were at all

---

[4] Since *Steele*, the applicable regulation has not been amended in any relevant part. *See* 74 Fed. Reg. 63984, 63985 (Dec. 7, 2009).

interested in continuing any lingering anti-male animus. The demotion, therefore, breaks the discriminatory chain, rendering Plaintiff's claim of a hostile work environment untimely.

Because this claim is untimely, the Court does not reach its merits.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's [10] Motion to Dismiss and **DISMISSES** Plaintiff's [1] Complaint for failure to state a claim. An appropriate order accompanies this Memorandum Opinion.


Date:  February 1, 2023

                                                /s/
                                  COLLEEN KOLLAR-KOTELLY
                                  United States District Judge